UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD J. PIERCE,                )
                                 )
           Petitioner,           )
                                 )
     v.                          )    CAUSE NO. 3:16-CV-031 RM
                                 )
                                 )
SUPERINTENDENT,                  )
                                 )
           Respondent.           )

OPINION AND ORDER

Ronald J. Pierce, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a disciplinary determination made by a hearing officer at Indiana State Prison ("ISP") under case number ISP 15-05-0238, where Mr. Pierce was found guilty of possessing a controlled substance and sanctioned with the loss of 60 days earned credit time.

Prisoners who lose earned time credits in a prison disciplinary hearing are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's

decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Mr. Pierce argues there was insufficient evidence to support the conviction.

"In reviewing a decision for some evidence, [the court is to] determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. at 455-456. "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). The conduct report alone can provide some evidence. McPherson v. McBride, 188 F.3d at 786(conduct report alone provided some evidence to support disciplinary determination).

Officer Wilgus prepared a conduct report stating:

On 2-21-15 at approx. 10:45 pm I ofc. R. Wilgus and ofc E. Collins were shaking down offender Pierce #903145 cell 325 W when I ofc. R. Wilgus found a bag filled with drugs hidden behind a piece of cardboard on the cell door. In the bag was a green leafy [substance] along with a cell phone charger.

Photographs of the evidence were taken and the items were confiscated. The green leafy substance tested positive for marijuana. Officer Collins also provided a written statement:

> On 2/21/15 [at] approximately 10:45 pm I ofc. E. Collins [and] ofc Wilgus were conducting a Routine Shakedown on cell 325W C-Charles on offender Pierce 903145. I witnessed ofc. Wilgus pull an unknow[n] drug substance from behind a piece of cardboard taped to the inside of the cell door.

This is some evidence sufficient to find Mr. Pierce guilty of possessing a controlled substance. Mr. Pierce claims that the evidence was insufficient for three reasons.

First, Mr. Pierce notes that Offender Washington provided a statement saying that he (Washington) was the owner of the controlled substance and that he had placed it in Mr. Pierce's cell door. Assessing credibility is the hearing officer's function, McPherson v. McBride, 188 F.3d at 786, and the hearing officer in this case wasn't required to credit Offender Washington's statement. Although Mr. Pierce denies that the marijuana belonged to him and asserts that it belonged to Offender Washington, it is not the province of this court to reweigh the evidence or make its own determination regarding the credibility of the witnesses. Id.

Second, Mr. Piece claims that there is video evidence "clearly" showing someone entered his cell at the same time Offender Washington claimed to have entered it. That's not quite accurate. Offender Washington claimed to have entered Mr. Pierce's cell in the morning on February 27, but didn't state any specific time. And the summary of review of the video footage states that "due to poor visibility, offender movement, and camera focus" the hearing officer couldn't identify Offender Washington entering or exiting the range. The court has viewed the video and finds that the hearing officer is correct; it isn't possible to discern any individual's identity from it. The video footage contains no exculpatory evidence.

Meeks v. McBride, 81 F.3d 717, 721 (7th Cir. 1996) (exculpatory evidence is that which "directly undermines the reliability of the evidence in the record . . ..").

Third, Mr. Pierce claims that the evidence was insufficient to find that he possessed the contraband because it was found in a common area rather than on him or in his living quarters. The conduct report and Officer Collins' corroborating statement — which the hearing officer was free to believe — say the marijuana wasn't found in a common area; it was found behind a piece of cardboard "inside of the cell door." A hearing officer is permitted to rely on circumstantial evidence to establish guilt. See Hamilton v. O'Leary, 976 F.2d 341, 345 (7th Cir. 1992). The record needn't contain evidence of actual possession of contraband, as long as there is sufficient evidence of constructive possession. Id. at 345-346. There is sufficient evidence of constructive possession in this case because the contraband was found inside Mr. Pierce's cell door rather than in a common area. See Hill v. Superintendent, 472 U.S. at 457 ("Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."); Hamilton v. O'Leary, 976 F.2d 341. 345-46 (7th Cir. 1992) (evidence of constructive possession was sufficient, since contraband was found in a location where only the petitioner and three other inmates could have left it); see also Pigg v. Finnan, 289 Fed. Appx. 945, 947 (7th Cir. Aug. 18, 2008) ("When only a few inmates have access to the place contraband is found, constructive possession is 'some evidence' sufficient to sustain a disciplinary conviction.").

For these reasons, the court DENIES the petition. The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: January  31 , 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court